CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 14 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LONNIE MCDONOVAN GHOLSON, ET AL., | ) ) CASE NO. 7:11CV00371 |
| Plaintiff(s), | ) ) ) MEMORANDUM OPINION |
| vs. | ) ) |
| COMMONWEALTH OF VIRGINIA, ET AL., | ) ) ) By: James C. Turk ) Senior United States District Judge |
| Defendant(s). | ) |

Lonnie McDonovan Gholson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the actions of state officials have violated his constitutional rights. For these alleged deprivations, he seeks to recover monetary damages from the defendants and to bring criminal warrants against them. The court finds that Gholson's complaint must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Where plaintiff's "[f]actual allegations [are not] enough to raise a right to relief above the speculative level," to one that is "plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the complaint may be summarily dismissed. Section 1915A(b)(1) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (interpreting the term "frivolous" as used in prior version of 28 U.S.C. § 1915(d)).

To state a cause of action under § 1983, a plaintiff must establish that he, personally, has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An inmate's general complaints about prison conditions, without allegations indicating that plaintiff has been personally deprived of constitutional rights, must be dismissed. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981) (holding that prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977) (finding that § 1983 claim requires alleged facts sufficient to show that plaintiff himself has sustained deprivation of right, privilege or immunity secured by the constitution or federal law). See also Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972) ("[a litigant] has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others").

Similarly, a complaint that fails to allege specific conduct undertaken by each defendant official, personally, in violation of plaintiff's constitutional rights does not provide factual basis for a § 1983 claim. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). An official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials. Id. (finding that doctrine of respondeat superior is inapplicable to §1983 actions).

As an initial matter, Gholson's complaint cannot go forward against the Commonwealth of Virginia, the first defendant he names. It is well settled that a state and its agencies cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because the

2

Commonwealth is not a "person" under § 1983, all Gholson's claims against this defendant must be dismissed, pursuant to § 1915A(b)(1), as legally frivolous. Id.

Gholson's complaint must also be dismissed to the extent that it attempts to raise claims for relief on behalf of anyone besides himself. Below his own name in the heading of the complaint, Gholson lists several other individuals as plaintiffs. None of these people has signed the complaint, however, and Gholson himself cannot litigate claims on their behalf. All such claims will be dismissed, pursuant to § 1915A(b)(1), as frivolous.

The nearly two dozen other defendants Gholson names are current or former state officials, including numerous individuals previously or presently employed by the Virginia Department of Corrections (VDOC). Other than naming these individuals in the heading of his complaint, Gholson does not allege facts concerning any actions undertaken by any of these individuals, personally, in violation of his rights. Accordingly, his § 1983 claims against these defendants are without any factual basis and must be dismissed, pursuant to § 1915A(b)(1), as frivolous.

Moreover, Gholson's complaint makes only vague generalizations that are completely without supporting factual allegations. In Claim 1, he asserts that the "defendants" are racist, egregious, contumacious, mendacious imps, harlots, rogues . . . . [who] perpetually, maliciously, willfully abrogate . . . plaintiff's beseech [to] this dishonorable court . . . . and violat[e] plaintiff's federal [and] state legal rights." In Claim 2, he accuses "defendants" of committing crimes of assault, robbery, attempted murder, and murder against plaintiff and alleges that "prisoners are tortured, . . . starved, injured, [and] killed [and] are served insipid, . . . pernicious, raw, . . . inedible, deleterious, sodden . . . putrid offal; swill," that prisoners are refused medical treatment and are forced to suffer mental health problems, that officials use restraints, shock belts, guns,

3

gas, "resplendent/incandescent lights, virulent cells, vents, showers, rec[reation] cages, segregation, [and deprivation of] radios, televisions, computers, pay/cellular telephones, [and] holidays" [to torture and] "kill prisoners." He complains that prisoners with medical and mental health problems are "perpetually" incarcerated at Red Onion, although it is not a hospital and has no "highly trained medical personnel"; that prisoners are denied medical or religious diets; and that prisoners are deprived of property, money, mail, recreation, showers, water, and other "liberties."

Gholson fails to allege any facts whatsoever indicating that he, personally, has been affected by these prison conditions of which he complains. He does not state any particular injury that he has suffered from the challenged conditions, does not specify that he has any medical or mental health condition that has not been treated by prison medical personnel during his incarceration, and does not indicate that he has any special dietary needs that have not been accommodated. Because Gholson thus fails to provide a factual basis for any actionable claim that he has been deprived of constitutionally protected rights by anyone, the court will summarily dismiss his complaint, pursuant to § 1915A(b)(1), as frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of September, 2011.

/s/ James C. Turk
Senior United States District Judge